IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:20-cv-02479-RM-KMT

ERICK HARLOFF, individually and as
Personal Representative of the Estate of WILLIAM HARLOFF,

    Plaintiff,

v.

HEART LIVING CENTERS OF COLORADO, LLC d/b/a UNION PRINTERS HOME;
HEART LIVING CENTERS, LLC;
HEART MANAGEMENT OF COLORADO SPRINGS, LLC;
JILL HESS-CAMPBELL;
CHRISTINE CAMPBELL; and
LISE KETTERER,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Erick Harloff's ("Plaintiff") Motion to Remand ("Motion") (ECF No. 15) based on assertions of lack of diversity jurisdiction. *See* 28 U.S.C. § 1332. Upon consideration of the Motion, court record, and applicable statutes and case law, and being otherwise fully advised, the Motion is GRANTED.

Plaintiff filed this action in El Paso County District Court alleging negligence and wrongful death based on care received by decedent William Harloff while a resident at Heart Living Centers of Colorado, LLC d/b/a Union Printers Home ("Union Printers Home"). (ECF No. 1-1.)[1] Plaintiff's Complaint contains no dollar amounts but seeks damages (economic and

---

[1] The wrongful death claim is based on the Colorado Wrongful Death Act, Colo. Rev. Stat. § 13-21-202.

non-economic), attorney's fees, costs, pre- and post-judgment interest to the extent permitted by law, and such "other and further relief" as appropriate.

Defendants removed the action to this court based on diversity subject matter jurisdiction under 28 U.S.C. § 1332. At the time of removal, Plaintiff had named three defendants: Union Printers Home; Heart Living Centers, LLC ("Heart Living Centers"); and Heart Management of Colorado Springs, LLC ("Heart Management") (collectively, the "Corporate Defendants"). (ECF No. 1.) The Corporate Defendants are structured such that each limited liability corporation has a single, intermediate member (or a series of single, intermediate members) with a principal place of business in Kansas. In turn, that intermediate member is equally owned by David Reed, an Indiana resident, and Kurt Ravenstein, a Texas resident. (*Id.* ¶¶ 10–12.)

Based on the citizenship of each limited liability corporation and its members, Corporate Defendants asserted complete diversity existed, and that the jurisdictional minimum amount in controversy is presumptively satisfied. (*Id.* ¶¶ 13–18); *see also Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) ("For diversity purposes, a limited liability company takes the citizenship of all its members.") (internal quotations omitted). Simply put, diversity of citizenship existed at the time of removal.

Two days after the notice of removal was filed, Plaintiff simultaneously filed an Amended Complaint, which added three defendants (the "Individual Defendants") and moved to remand. (ECF No. 13.) Plaintiff's Motion relies on the inclusion of the Individual Defendants, each of whom are Colorado residents. Consequently, Plaintiff argues complete diversity no longer exists, meaning this Court now lacks subject matter jurisdiction.

Despite Plaintiff stating his Motion is opposed (ECF No. 15, ¶ 1), none of the Defendants filed a response to the Motion.[2]

Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). "[I]f a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *Id.* (citing 28 U.S.C. § 1447(c)). "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." *Id.* (citing 28 U.S.C. § 1447(e)).

Fed. R. Civ. P. 15(a)(1) allows for some amendments to a complaint to be made as a matter of course prior to the filing of a responsive pleading. Though Defendants have filed their responsive pleadings, the amendment and the Motion were filed before Defendants answered. (*See* ECF Nos. 22–24 (Corporate Defendants); 28–30 (Individual Defendants)).

Additionally, the Court must consider whether the parties sought to be joined are indispensable under Fed. R. Civ. P. 19. *McPhail*, 529 F.3d at 951.

> If so, Rule 19 requires the court either to join the part, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed. If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court. *See State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984). In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith. . . ." *Id.* at 416. If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it "may deny joinder." 28 U.S.C. § 1447(e).

*McPhail*, 529 F.3d at 951–52.

---

[2] The deadline to respond was September 10, 2020. *See* D.C.COLO.LCivR 7.1(d).

Plaintiff argues the Individual Defendants are necessary parties to this action under Fed. R. Civ. P. 19(a)[3] and amendment should be allowed under the *Elite Oil Field Enter., Inc. v. Reed* factors. (ECF No. 15, ¶¶ 10–18) (citing *Elite Oil Field Enter., Inc. v. Reed*, No. 19-cv-00539-RBJ, 2019 WL 9045251, at *3 (D. Colo. Sept. 23, 2019)).

Given the procedural posture of the case, the issue is not so much whether this Court should allow joinder but whether joinder as reflected in the Amended Complaint was proper in the first place and whether the amendment should have been allowed. Defendants, however, do not contest either proposition. In fact, Defendants implicitly concede they believe joinder had been proper where none filed any opposition to the Motion, and all have answered the Amended Complaint. Defendants likewise do not contest whether the Individual Defendants are indispensable or that joinder should not have been allowed under Rule 20(a)(2).

After considering both the requirements under Rule 19(a) and Rule 20(a)(2), the Court concludes that joinder of the Individual Defendants is proper under either. Therefore, having determined the Individuals Defendants are properly joined and that they are Colorado residents, the Individual Defendants' inclusion destroys diversity jurisdiction, making remand necessary. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Based on the foregoing, the Court **ORDERS**

(1) That Plaintiff's Motion to Remand (ECF No. 15) is **GRANTED**; and

---

[3] *See Mestas v. Air & Liquid Sys. Corp.*, No. 1:18-cv-01006-RM-NYW, 2019 WL 1253683, at *2 (D. Colo. Mar. 19, 2019) (citing *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411–12 (10th Cir. 1996)) (setting forth the two-step analysis under Rule 19).

(2) That, pursuant to 28 U.S.C. § 1447(c), due to this Court's lack of subject-matter jurisdiction, this case is **REMANDED** to the El Paso County District Court, State of Colorado, where it was originally filed as Civil Action No. 2020CV31094.

DATED this 12th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge
